STATE OF NORTH CAROLINA v. EARL LORENZO DAMON

No. 855SC758

(Filed 17 December 1985)

**Narcotics § 4— possession of marijuana with intent to sell and deliver—evidence sufficient**

The trial court did not err by denying defendant's motions to dismiss a prosecution for possession of marijuana with intent to sell and deliver where two officers were on routine patrol in Wilmington on a rainy night at an intersection known for the sale of controlled substances; the officers observed four men, one of whom, defendant, ran when he saw the officers; the officers pursued, losing sight of defendant for less than six seconds; officers then observed defendant beside a house acting nervous; one of the officers called to defendant, who responded that he was going to the bathroom and kept walking when the officer asked him to hold on; the officer observed a paper bag in an opening where defendant had stood; the opening was saturated with water and there were hoses in the area that were wet and covered with a film of dirt; the bag was dry, warm to the touch, and without the film of dirt; the bag contained a large quantity of nickel bags of marijuana; defendant's father approached and asked "Did they find anything on you?" and defendant responded negatively; and defendant had $147.00 in bills on his person, twenty of which were in $5.00 denominations.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 20 February 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 18 November 1985.

Defendant appeals from a judgment of imprisonment entered upon a conviction for possession of marijuana with intent to sell and deliver.

*Attorney General Thornburg, by Associate Attorney Dolores O. Nesnow, for the State.*

*Fullwood & Morgan, by Mallam J. Maynard, for defendant appellant.*

WHICHARD, Judge.

Defendant's sole assignment of error is to the denial of his motions to dismiss. We find no error.

On a motion to dismiss the question for the court is whether there is substantial evidence of each essential element of the crime charged and that the defendant committed it. *State v. Riddle*, 300 N.C. 744, 746, 268 S.E. 2d 80, 81 (1980). The test is the same whether the evidence is direct, circumstantial, or both. *State v. Earnhardt*, 307 N.C. 62, 68, 296 S.E. 2d 649, 653 (1982). Although some cases have applied a different standard where the evidence was wholly circumstantial, *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956), resolved the conflict in our decisional law. The Court there stated:

> We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. We think the correct rule is given in *State v. Simmons*, 240 N.C. 780, 83 S.E. 2d 904, 908, quoting from *State v. Johnson*, 199 N.C. 429, 154 S.E. 730: "If there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury." The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both. To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury. (Citations omitted.)

*Stephens* at 383-84, 93 S.E. 2d at 433-34. *Accord, State v. Jones,* 303 N.C. 500, 503-04, 279 S.E. 2d 835, 838 (1981); *State v. Daniels,* 300 N.C. 105, 114, 265 S.E. 2d 217, 222 (1980). "If the evidence . . . gives rise to a reasonable inference of guilt, it is for . . . the jury to decide whether the facts shown satisfy them beyond a reasonable doubt of defendant's guilt." *Jones* at 504, 279 S.E. 2d at 838. *Accord, State v. Cutler,* 271 N.C. 379, 383, 156 S.E. 2d 679, 682 (1967).

Thus, the issue is whether there was substantial evidence that defendant willfully possessed marijuana, a Schedule VI controlled substance, N.C. Gen. Stat. 90-94, with the intent to sell and deliver it, a violation of N.C. Gen. Stat. 90-95(a)(1). The evidence, considered in the light most favorable to the State as required, *Earnhardt* at 67, 296 S.E. 2d at 652, showed the following:

On a rainy day two police officers were on routine patrol at or about an intersection in Wilmington which had an "extreme reputation for the sale of all types of controlled substances." The officers observed four men there. One, identified as defendant, ran when he saw the officers. The officers pursued, losing sight of him for "less than six seconds," but then observing him beside a house. Defendant "acted nervous." One of the officers called out to him, and he responded that he was going to the bathroom. When the officer asked him to "hold on," defendant "just kept walking."

The officer approached the place where he had seen defendant and observed a paper bag in an opening where defendant had stood. The opening was "quite wet, saturated with water," but the bag was "dry and warm to the touch." There were hoses in the area that were wet and covered with a film of dirt, but "[t]he bag didn't have this on it."

The officer observed in the bag a large quantity of what he believed to be "nickel bags." A nickel bag "is how marijuana is packaged on the streets." Nickel bags sell for $5.00 and "dime bags" for $10.00 "so they can easily be distributed in the street."

Defendant denied having seen the bag. While the officers were with defendant his father approached them. Defendant responded in the negative when his father asked, "Did they find anything on you?"

Defendant had $147.00 in bills on his person. Twenty of the bills were in $5.00 denominations.

One of the officers determined that the contents of one of the sacks was marijuana. Defendant stipulated that material identified as being from the seized bag was in fact marijuana.

We hold that the foregoing constituted substantial evidence from which the jury reasonably could infer that defendant possessed the marijuana in the seized bag with the intent to sell and deliver it. Accordingly, the motions to dismiss were properly denied.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.