### STATE OF CONNECTICUT *v.* HERMAN NAPOLEON
### (5333)

BORDEN, DALY and BIELUCH, Js.

Argued June 9—decision released September 8, 1987

*Peter A. Kelly,* for the appellant (defendant).

*Geoffrey Marion,* deputy assistant state's attorney, with whom, on the brief, were *David P. Gold* and *James G. Clark,* assistant state's attorneys, for the appellee (state).

BIELUCH, J. The defendant appeals from his judgment of conviction rendered in accordance with the jury's verdict of guilty on the following charges: (1) possession of narcotics, to wit, cocaine and heroin, with intent to sell in violation of General Statutes § 21a-277 (a);[1] (2) possession of narcotics, to wit, cocaine and heroin in violation of General Statutes § 21a-279 (a);[2] (3) possession of a controlled substance, to wit, marihuana, with intent to sell in violation of General Statutes § 21a-277 (b);[3] and (4) possession of a controlled sub-

[1] "[General Statutes] Sec. 21a-277. (Formerly Sec. 19-480). PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION, DISPENSING. (a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marihuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned."

[2] "[General Statutes] Sec. 21a-279. (Formerly Sec. 19-481). PENALTY FOR ILLEGAL POSSESSION. SUBSTITUTION OF MEDICAL TREATMENT FOR CRIMINAL SANCTIONS. (a) Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than fifty thousand dollars, or be both fined and imprisoned; and for a second offense, may be imprisoned not more than fifteen years, or be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for any subsequent offense, may be imprisoned not more than twenty-five years, or be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

[3] "[General Statutes] Sec. 21a-277. (Formerly Sec. 19-480). PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION, DISPENSING. . . . (b) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marihuana, except as authorized in this chapter, may, for the first offense, be fined not more than twenty-five thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned; and, for each subsequent offense, may be fined not more than one hundred thousand dollars or be imprisoned not more than fifteen years, or be both fined and imprisoned."

stance, to wit, marihuana in violation of General Statutes § 21a-279 (c).[4] He claims that the convictions for possession of narcotics with intent to sell (count one) and possession of narcotics (count two), as well as his convictions for possession of a controlled substance with intent to sell (count three) and possession of a controlled substance (count four), violate his right to be free from double jeopardy under the federal constitution and state law. He also claims that the evidence was insufficient to support his convictions for possession of narcotics with the intent to sell and possession of a controlled substance with intent to sell. Finally, the defendant claims that the trial court erred in excluding evidence of bias harbored by the arresting officer, and in excluding evidence of the probable evasion of service of subpoenas by two persons present at the scene of the arrest. We find error.

The jury could reasonably have found the following facts. On July 2, 1985, at approximately 5:45 p.m., three plainclothes police officers of the New Haven police department encountered a group of men standing near a car parked on Lilac Street. The officers observed the defendant rolling a marihuana cigarette. They stopped their unmarked police vehicle and approached the group of men, whereupon they observed the defendant throwing a brown paper bag into a nearby automobile. The defendant then started to walk away from the group, but was stopped by the approaching officers.

---

[4] "[General Statutes] Sec. 21a-279. (Formerly Sec. 19-481). PENALTY FOR ILLEGAL POSSESSION. SUBSTITUTION OF MEDICAL TREATMENT FOR CRIMINAL SANCTIONS. . . . (c) Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance, or a hallucinogenic substance other than marihuana or who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, may be fined not more than one thousand dollars, or be imprisoned not more than one year, or be both fined and imprisoned; and for a subsequent offense may be imprisoned not more than five years, or fined not more than three thousand dollars or be both fined and imprisoned."

The officers retrieved from the automobile the brown paper bag which contained four manila envelopes containing a plant-like substance and four glassine bags containing a white powder. The defendant was then arrested and searched. On his person, the officers found a small tin "Sucrets" box containing fifteen aluminum foil packets and four glassine bags, all containing a white powder. Upon analysis by the state toxicology laboratory, the plant-like substance was identified as marihuana. Of the fifteen foil packets seized, eight contained cocaine. Six of the eight glassine bags contained heroin. The remaining two glassine bags contained cocaine.

## I

### DOUBLE JEOPARDY

The defendant claims that his convictions of possession of narcotics with intent to sell and simple possession of narcotics violated the federal and state prohibitions against double jeopardy. He makes the same claim as to his convictions for possession of a controlled substance with intent to sell and possession of a controlled substance. The state has expressly conceded, in its brief and in oral argument before this court, that the defendant's claim of double jeopardy violations is correct. In light of our decision in *State* v. *Williams,* 12 Conn. App. 225, 530 A.2d 627 (1987), released concurrently with this decision, we need not restate here the application of double jeopardy principles to the crimes of possession of narcotics and possession of narcotics with intent to sell. We note further that the reasoning expressed in *State* v. *Williams,* supra, applies equally to the defendant's convictions for possession of a controlled substance with intent to sell and possession of a controlled substance, to wit, marihuana.[5] Therefore, the

[5] Marihuana is a controlled substance. General Statutes §§ 21a-240 (29) and 21a-242 (a) (C) (15).

defendant's conviction and sentence for possession of narcotics and his conviction and sentence for possession of a controlled substance, the second and fourth counts, respectively, must be set aside.

While the state concedes that the defendant may not incur multiple punishments for duplicate offenses, it asserts that the finding of a double jeopardy violation does not require vacating the defendant's underlying multiple convictions as well as the multiple sentences. In brief, the state contends that we should vacate the two double jeopardy sentences and leave the underlying convictions undisturbed. The state urges this court to adopt the procedural remand fashioned by the Second Circuit Court of Appeals in *United States* v. *Estrada,* 751 F.2d 128 (2d Cir. 1984), aff'd in part, 757 F.2d 27 (2d. Cir.), cert. denied, 474 U.S. 830, 106 S. Ct. 97, 88 L. Ed. 2d 79 (1985). In *Estrada,* the defendant was convicted of ten counts of federal narcotics violations, including conspiracy to possess cocaine with intent to distribute (count two) and conspiracy to import cocaine (count six). Id., 130. He was also convicted of engaging in a continuing criminal enterprise (count one). At sentencing, the district court imposed a sentence of fifteen years on the criminal enterprise conviction, and a sentence of fifteen years on each of the two conspiracy convictions, all three sentences to be served concurrently. The court further declared that " '[t]he sentence imposed on counts two and six [the two conspiracy counts] are merged into the sentence on count one [engaging in a continuing criminal enterprise].' " Id., 134.

The Second Circuit Court of Appeals found error in the trial court's sentencing of the defendant for the conspiracy offenses (counts two and six), which were found to be lesser included offenses in the conviction on the continuing criminal enterprise charge (count one). The court of appeals vacated the sentences on the con-

spiracy convictions (counts two and six) "and join[ed] and combine[d] the convictions thereon with the conviction on [engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (count one)]." Id., 135. In so holding, the court reasoned that "if the conviction on the lesser offense[s] were vacated, [the] defendant might avoid all punishment if an appellate court later reversed the single conviction on the compound offense but would have upheld the conviction on the lesser count[s]." Id., 134, citing *United States* v. *Gomez,* 593 F.2d 210 (3d Cir.), cert. denied, 441 U.S. 948, 99 S. Ct. 2172, 60 L. Ed. 2d 1052 (1979). The court stated that "in the unlikely event that sometime in the future his conviction on [the greater offense] shall be overturned, the sentence imposed on the unaffected conviction on [the lesser offense should be] reinstated. . . . Under this method, the convictions on the lesser counts become combined with that on the compound offense and would *not* be merged out of existence. This leaves the part of the conviction on the lesser offense unaffected should the compound offense be invalidated as a matter of law. The convictions on the lesser offenses would not exist as separate convictions so long as the [count one] conviction remained in place. Thus, the risk of any collateral consequences that separate convictions may entail would be eliminated and satisfy the concern expressed in [*United States* v. *Rosenthal,* 454 F.2d 1252 (2d Cir.), cert. denied, 406 U.S. 931, 92 S. Ct. 1801, 32 L. Ed. 2d 134 (1972), and *United States* v. *Buckley,* 586 F.2d 498 (5th Cir. 1978), cert. denied, 440 U.S. 982, 99 S. Ct. 1792, 60 L. Ed. 2d 242 (1979)], that a defendant not be prejudiced by outstanding separate convictions on lesser included offenses." (Emphasis in original.) *United States* v. *Estrada,* supra, 134–35.

In a concurring opinion, Judge Kearse deemed unclear "what the precise effect is of 'join[ing]' or 'com-

bin[ing]' the convictions on Counts 2 and 6 'with the conviction on Count 1' . . . [and deemed it] appropriate to vacate the convictions on the two *lesser-included* offenses, on the condition that the convictions on those offenses would be reinstated in the event that the conviction on the greater offense, Count 1, were ever overturned for reasons not affecting the validity of the convictions on Counts 2 and 6." (Emphasis added.) Id., 135.

After *Estrada,* the United States Supreme Court on March 25, 1985, decided *Ball* v. *United States,* 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985). In *Ball,* the United States Supreme Court held that the congressional intent and the prohibition against multiple punishments required the vacating of a duplicitous federal criminal conviction, as well as its attendant sentence. In so holding, the court recognized that "[o]ne of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense. See *Missouri* v. *Hunter,* 459 U.S. 359, 368 [103 S. Ct. 673, 74 L. Ed. 2d 535] (1983).

"The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction,* apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a further offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. . . . Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment." (Emphasis in original; citations omitted.) *Ball* v. *United States,* supra, 864–65.

Subsequent to *Ball,* the Second Circuit Court of Appeals reaffirmed *Estrada* in *United States* v. *Aiello,* 771 F.2d 621 (2d Cir. 1985). In evaluating *Estrada* in light of *Ball,* the court recognized the apparent inconsistency between the two cases. The court reconciled the two cases, however, stating that *Ball* did not consider the possibility of the subsequent successful collateral attack on the count on which judgment was imposed, and by emphasizing that the procedure followed in *Estrada,* which it again observed in *Aiello,* achieves the United States Supreme Court's objective in *Ball* to avoid the punitive consequences that might follow from having dual convictions on a defendant's record by " 'combining' convictions to 'eliminate' the 'risk of any collateral consequences that separate convictions may entail.' " Id., 633–34. Going beyond its remand in *Estrada,* however, the court in *Aiello,* after vacating the defendant's sentences for the conspiracy charges, ruled as follows: "[W]e remand for the purpose of combining the convictions on the lesser counts with that on the greater and for *resentencing.* We stress that the fact of [the defendant's] having been convicted on the lesser included charges is to have no collateral effect of any kind unless his conviction on the continuing criminal enterprise charge [the greater offense] should be overturned."[6] (Emphasis added.) Id., 634.

The approach taken by the Second Circuit has not been without criticism. The concurring opinion in *Estrada*

---

[6] Following resentencing pursuant to the remand in *United States* v. *Aiello,* 771 F.2d 621 (2d Cir. 1985), the defendants in that case filed a motion for a new trial which was treated by the district court as an application for a writ of habeas corpus. The application was denied and the defendants appealed to the Second Circuit Court of Appeals. *United States* v. *Aiello,* 814 F.2d 109 (2d Cir. 1987). In its decision on appeal of the habeas corpus petition, the court noted that "[u]pon remand, the district court ultimately vacated the conspiracy convictions, thereby effectively combining them with the § 848 conviction [for the greater offense of continuing a criminal enterprise], and increased the sentence for the § 848 conviction from 35 to 45 years." Id., 115.

raised the question as to how the convictions on the lesser offenses would "join" or "combine" with the conviction on the greater offense. *United States* v. *Estrada,* supra, 135 (Kearse, J., concurring). In *United States* v. *Stallings,* 810 F.2d 973, 975–76 (10th Cir. 1987) the court characterized *Aiello,* as within the minority of cases which hold that duplicitous convictions need not be vacated, stating that "a majority of the circuits has required vacation of convictions and sentences of the lesser included conspiracy offense."

The appellate courts of Connecticut have uniformly vacated both the conviction and sentence to remedy multiple punishments for a single offense. See *State* v. *Rawls,* 198 Conn. 111, 502 A.2d 374 (1985); *State* v. *Amaral,* 179 Conn. 239, 425 A.2d 1293 (1979); *State* v. *Goldson,* 178 Conn. 422, 423 A.2d 114 (1979); *State* v. *Stellato,* 10 Conn. App. 447, 523 A.2d 1345 (1987); *State* v. *Kitt,* 8 Conn. App. 478, 513 A.2d 731 (1986). We decline the state's invitation to embark upon the course marked by the Second Circuit Court of Appeals in *United States* v. *Estrada,* supra, and *United States* v. *Aiello,* supra, especially in light of the benchmark established by the United States Supreme Court in *Ball* v. *United States,* supra, and the uniform precedents established by our own Supreme Court and this court in prior cases. See *Gibbs* v. *Mase,* 11 Conn. App. 289, 290 n.1, 526 A.2d 7 (1987) (Appellate Court bound by Supreme Court precedent); *State* v. *Thurman,* 10 Conn. App. 302, 309 n.5, 523 A.2d 891 (1987); *State* v. *Weisser,* 9 Conn. App. 255, 257–58, 518 A.2d 655 (1986), reh. denied, 202 Conn. 803, 519 A.2d 1207 (1987).

The defendant's convictions on count two, possession of narcotics in violation of General Statutes § 21a-279 (a), and count four, possession of a controlled substance, to wit, marihuana, in violation of General Statute § 21a-279 (c), are ordered set aside and a judgment of

acquittal is to be rendered on those counts. See *State* v. *Rawls,* supra; *State* v. *Amaral,* supra; *State* v. *Goldson,* supra.

## II

### SUFFICIENCY OF THE EVIDENCE

The defendant claims that the evidence was insufficient to establish that the defendant intended to sell the cocaine and marihuana in his possession. "The two-fold test for determining the sufficiency of the evidence to justify a conviction is well established. We first view all of the evidence in the light most favorable to the verdict. We then determine whether a jury could have reasonably concluded, from that evidence and all the reasonable inferences which it yields, that the defendant was guilty beyond a reasonable doubt. *State* v. *DiStefano,* 7 Conn. App. 726, 731, 510 A.2d 995 (1986)." *State* v. *Parent,* 8 Conn. App. 469, 472–73, 513 A.2d 725 (1986).

In his challenge to the sufficiency of the evidence, the defendant relies upon *Turner* v. *United States,* 396 U.S. 398, 90 S. Ct. 642, 24 L. Ed. 2d 610, reh. denied, 397 U.S. 958, 90 S. Ct. 939, 25 L. Ed. 2d 144 (1970), which acknowledges that bare possession is an insufficient predicate for a finding that the defendant was dispensing or distributing narcotics. Id., 423–24. He also asserts that the facts of this case fall far below the quantum of evidence heretofor recognized as sufficient to allow the jury to draw an inference of intent to sell narcotics or marihuana. See, e.g., *State* v. *Amaral,* supra (defendant possessed a weapon and drug testing equipment); *State* v. *Williams,* 169 Conn. 322, 363 A.2d 72 (1975) (defendant possessed forty-five bags of heroin); *State* v. *Avila,* 166 Conn. 569, 353 A.2d 776 (1974) (defendant possessed 112 grams of 85 percent pure cocaine). The defendant also relies upon what he characterizes as the small quantity of drugs found in

his possession, namely: 8.1 grams (.27 ounce) of mari-
huana; 1.12 grams (.03 ounce) of heroin; and 3.54 grams
(.12 ounce) of cocaine.[7]

Proof of a defendant's intent generally takes the form
of circumstantial evidence, from which the jury is free
to draw such inferences which are logical and reason-
able. See *State* v. *Whelan,* 200 Conn. 743, 757, 513 A.2d
86, cert. denied, 749 U.S. 994, 107 S. Ct. 597, 93 L.
Ed. 2d 598 (1986); *State* v. *Rodgers,* 198 Conn. 53, 57,
502 A.2d 360 (1985).

From the evidence presented at trial, we hold that
the jury's finding of the defendant's intent to sell nar-
cotics and marihuana was reasonable and logical. There
was testimony that the area where the defendant was
arrested was a primary area for drug trafficking. The
bag possessed by the defendant contained four manila
envelopes, each containing approximately two grams
of marihuana. Marihuana packaged in such quantity is
referred to in street parlance as a "nickel bag," a com-
mon unit for retail sale of marihuana. The defendant
also possessed eight foil packets and two glassine bags
of cocaine, as well as six glassine bags of heroin. The
arresting police officers testified that the glassine bags
and tin foil packets are commonly used to package nar-
cotics for sale. In short, the defendant was arrested
in an area known for the illegal sale of narcotics and
controlled substances, carrying twenty-seven small
"retail" packages containing heroin, cocaine and mar-
ihuana. The circumstantial evidence that these pack-
ages were intended for retail sale by the defendant was
sufficient, and we hold that such a finding by the jury
was not unreasonable or illogical. In so holding, we note
that " '[i]t is not one fact, but the cumulative impact
of a multitude of facts which establishes guilt in a case

---

[7] There was no evidence presented at trial establishing the purity of the
narcotics seized.

involving circumstantial evidence.' " *State* v. *Sinclair,* 197 Conn. 574, 576–77, 500 A.2d 539 (1985).

## III

### EVIDENTIARY RULINGS

The defendant claims that the trial court erred in prohibiting the defendant's counsel from questioning one of the arresting officers concerning his prior experience and practice as a police officer. Likewise, the defendant claims error in the court's refusal to allow testimony concerning his efforts to procure the testimony of two of the persons who were present at the scene of the arrest. The relevant facts underlying these claims are as follows.

As the arresting officers approached the defendant, they observed him throwing a brown paper bag into a nearby vehicle. After retrieving the bag from the car, Officer Green allowed the driver of the vehicle to leave the scene. Upon cross-examination of Green, the defendant's counsel asked the following question: "Can you think of any other cases, Officer Green, where you found a bag of suspected narcotics on the seat of a vehicle and you have allowed the driver of the vehicle to leave the scene?" The state's attorney objected to the question on the ground of relevance. The objection was sustained and the defendant's exception noted.

The trial court is empowered with wide discretion to rule on questions of relevancy. *State* v. *Franko,* 199 Conn. 481, 486, 508 A.2d 22 (1986); *State* v. *Parker,* 197 Conn. 595, 601, 500 A.2d 551 (1985). An appellate court will not disturb a trial court's ruling on the relevancy of evidence, unless a clear abuse of discretion is shown. *State* v. *Parker,* supra. The defendant argues that the question was relevant to his claim that Green bore a personal animosity against the defendant. While cross-examination relating to bias or prej-

udice against a party is a matter of right and may not be unduly restricted; *State* v. *Vitale,* 197 Conn. 396, 402, 497 A.2d 956 (1985); *State* v. *Lubesky,* 195 Conn. 475, 481–83, 488 A.2d 1239 (1985); the circumstances surrounding the defendant's arrest support the court's conclusion here that the decision to allow the driver of the vehicle to leave the scene was not sufficiently relevant to the defendant's claim of bias or prejudice to warrant its admission into evidence. There was no evidence presented to implicate the driver of the vehicle in any crime. The bag was not first seen in the car from which it was retrieved. The officers merely saw the defendant throw the brown paper bag into the car. Green's decision to allow the driver to leave may well have been prompted by the absence of any evidence demonstrating that the driver willingly received the package from the defendant. Furthermore, the defendant was not prevented from presenting to the jury probative evidence of Green's bias or prejudice against the defendant. The defendant was allowed to question Green as to whether he knew the defendant, whether he harbored any animosity toward him, and whether he was aware of a disciplinary complaint filed against him by the defendant's mother. Upon review of the entire cross-examination, we conclude that the defendant was not deprived of the right to inquire as to the officer's bias, prejudice or motive and that the trial court did not abuse its discretion in sustaining the objection to the defendant's question. See *State* v. *Parker,* supra, 601; *State* v. *Lubesky,* supra, 482; *State* v. *Wilson,* 188 Conn. 715, 721, 453 A.2d 765 (1982).

The defendant further argues that the court erred in prohibiting testimony of a deputy sheriff concerning his efforts to subpoena two people who were at the scene of the crime. The state objected to this testimony as irrelevant.

Pursuant to an offer of proof, the deputy sheriff testified outside the presence of the jury that he attempted

to serve a subpoena on Darnell Barnes. His address was listed on the subpoena as "407-470 Dixwell Avenue, New Haven, Connecticut." The deputy sheriff testified that he went to both addresses at dinnertime, but was unable to locate Barnes. He questioned people in the area, but no one knew Barnes.

The deputy sheriff also testified that he attempted to serve a subpoena on Errol Worthy. The subpoena indicated that Worthy lived on the second floor of 247 Newhall Street, New Haven. The deputy sheriff testified that he went to the address twice on the day prior to his testimony and found the name Worthy on the second floor doorbell. Both times no one answered the door. He inquired of persons in the area as to the whereabouts of Worthy, but they stated that they did not know Errol Worthy.

The defendant claimed that this testimony was relevant and should be placed before the jury to warrant the inference that Barnes and Worthy did not want to be located. The state argued that the deputy sheriff made only one attempt to locate Barnes at each of two addresses, and two attempts on the same day to locate Worthy. The court ruled that the testimony was speculative, remote and without any appreciable probative value, and sustained the state's objection. On the basis of the defendant's offer of proof, we cannot find that the court abused its discretion in excluding this evidence as irrelevant. See *State* v. *Parker,* supra.

There is error in part, the judgment as to count two, possession of narcotics in violation of General Statutes § 21a-279 (a), and count four, possession of a controlled substance in violation of General Statutes § 21a-279 (c), is set aside and the case is remanded with direction to render a judgment of acquittal on counts two and four only.

In this opinion the other judges concurred.