**Alexandria**

EDUARDO MARTINEZ BROWN

v.

COMMONWEALTH OF VIRGINIA

No. 1705-91-4

Decided October 6, 1992

COUNSEL

Kevin Paul Childers (Office of the Public Defender of the City of Alexandria, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BRAY, J.—Eduardo Martinez Brown (defendant) was convicted of possession of cocaine with intent to distribute and sentenced, in accordance with the jury's verdict, to forty years imprisonment. He appeals, contending that the trial court erred in admitting testimony that associated the location of the offense with notorious criminal activity. We disagree and affirm.

The evidence disclosed that Officers Angelo Chiota (Chiota) and Kenneth Hatten (Hatten), "responding . . . to [a] complaint of open drug sales," observed defendant exit a cab and enter a "park" located in Alexandria, Virginia. It was "around 7:30" on a February evening and the officers "noticed" only defendant and another individual in the park.

As the officers watched, defendant "thr[e]w . . . away" a "big, very shiny object," which "appeared to be narcotics," and "walked on." While Chiota recovered the discarded article from "the ground," Hatten "asked defendant to come over" to the police vehicle. Chiota returned with a "plastic Baggie," which contained "14 little Baggies" of "crack cocaine," having an estimated total value of "about $7,000.00." The officers then arrested and searched defendant, and discovered a beeper under his shirt. Chiota testified that the "amounts" and "packaging" of the drug were "not consistent with personal use" and identified the beeper as a "tool that people who deal in drugs use."

During trial, Chiota was permitted to describe "the area where the park is located" as an "open drug market." This testimony followed uncontradicted evidence of Chiota's training and expertise in the "identification of, the manufacture, sale, possession and distribution of . . . drugs, specifically cocaine" in the City of Alexandria. His description of the park area and its inclusion among "several spots in the city" "routinely" involved in "complaints" was supported by personal experience, well established in the record.

Relying upon *Smith v. Commonwealth*, 217 Va. 336, 228 S.E.2d 562 (1976), defendant first argues that evidence of the park's reputation was irrelevant and inadmissible. In *Smith*, the Supreme Court concluded that Smith's presence at a particular "street intersection hundreds of times within the six months" prior to his arrest and its reputation "as a place for illegal drug violations" had "no relevancy to the charge that [he] possessed heroin with intent to distribute on [the date of the alleged offense]." *Id.* at 337, 228 S.E.2d at 562.

However, unlike defendant, Smith possessed no drugs at the time of his arrest, and the only evidence of criminal conduct was "the activity of [Smith] and others" in an area reputed "for trafficking in drugs." *Id.* at 336-37, 228 S.E.2d at 562. Under such circumstances, the Court found Smith's "mere presence" at an unsavory "place" permitted no reasonable inference "that he was engaged in . . . drug distribution" and was "unrelated evidence," "highly prejudicial to him." *Id.* at 337, 228 S.E.2d at 563.

The Court again considered the relevancy of evidence "about drug conditions" in a particular area in *Coe v. Commonwealth*, 231 Va. 83, 86, 340 S.E.2d 820, 822 (1986). There, the evidence "showed" that Coe and others "travel[ed] from Virginia to [South Bend,] Indiana [to] procure a large [supply] of marijuana," and the city was described as a "place where a substantial quantity of contraband was readily available." *Id.* at 88, 340 S.E.2d at 823. The Court approved this evidence as "pertinent and relevant" to establish Coe's criminal conspiracy and "corroborate the other testimony." *Id.*

Distinguishing *Smith*, the Court noted the "abundant . . . evidence" of Coe's guilt in addition to his visit to a disreputable area. *Id.* at 88-89, 340 S.E.2d at 824. In the context of such other evidence, "the fact of drug availability in South Bend" became relevant because it "tended to prove that [Coe] was there" to procure "drugs in accordance with the agreement," a fact directly material to the prosecution. *Id.* at 89, 340 S.E.2d at 824; *see also Wymer v. Commonwealth*, 12 Va. App. 294, 302, 403 S.E.2d 702, 707 (1991).

■ Thus, although both *Smith* and *Coe* instruct that testimony relating an accused to a sinister location, without more, is irrelevant, *Coe* recognized that such evidence may be admissible when considered with "other evidence" of illegal activity.[1] *Coe*, 231 Va. at 89, 340

---

[1] We further recognize that the defendant's presence in a high crime area, standing alone, does not provide the requisite degree of suspicion to justify an investigatory stop. *See Riley v. Commonwealth*, 13 Va. App. 494, 498, 412 S.E.2d 724, 726 (1992); *Smith v. Commonwealth*, 12

S.E.2d at 824. This view enjoys the substantial support of other jurisdictions. *See State v. Napoleon,* 12 Conn. App. 274, 284, 530 A.2d 634, 640, *cert. denied,* 205 Conn. 809, 532 A.2d 78 (1987); *Hinnant v. United States,* 520 A.2d 292, 294 (D.C. 1987); *Horton v. State,* 194 Ga. App. 797, 798-99, 392 S.E.2d 259, 260 (1990); *State v. Tasker,* 448 So. 2d 1311, 1314 (La. Ct. App.), *cert. denied,* 450 So. 2d 644 (1984); *People v. Potter,* 115 Mich. App. 125, 133, 320 N.W.2d 313, 317 (1982); *Stringer v. State,* 557 So. 2d 796, 798 (Miss. 1990); *State v. Damon,* 78 N.C. App. 421, 423-24, 337 S.E.2d 170, 171 (1985); *State v. Lee,* 51 N.C. App. 344, 349, 276 S.E.2d 501, 504-05 (1981). *But see Gillion v. State,* 573 So. 2d 810, 811 (Fla. 1991); *Johnson v. State,* 559 So. 2d 729 (Fla. Ct. App. 1990), *aff'd,* 575 So. 2d 1292 (Fla. 1991).

Similar to *Coe,* this record provides abundant evidence that defendant possessed crack cocaine with the intent to distribute it. *See Monroe v. Commonwealth,* 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987). Thus, Chiota's characterization of the park as an "open drug market" was admissible as additional relevant evidence material to a prosecution for the offense. *See Wise v. Commonwealth,* 6 Va. App. 178, 187-88, 367 S.E.2d 197, 202-03 (1988).

However, defendant complains that even if admissible, the testimony improperly suggested an awareness of the area's reputation and prejudiced him far beyond the probative value of that evidence. "The responsibility for balancing these competing considerations is largely within the sound discretion of the trial [court]," and its "ruling will not be disturbed on appeal absent a clear abuse of [that] discretion." *Coe,* 231 Va. at 87, 340 S.E.2d at 823. Defendant had "no right to have the evidence 'sanitized,'" and we cannot say that the trial judge abused his discretion in admitting relevant and material evidence. *See Scott v. Commonwealth,* 228 Va. 519, 526, 323 S.E.2d 572, 577 (1984).

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Duff, J.,* and Willis, J., concurred.

---

Va. App. 1100, 1104, 407 S.E.2d 49, 52 (1991); Goodwin v. Commonwealth, 11 Va. App. 363, 367, 398 S.E.2d 690, 692 (1990). However, a defendant's presence in such a location may be a factor in evaluating criminal conduct. See also Brown v. Texas, 443 U.S. 47, 52 (1979).

* Judge Duff participated in the hearing and decision of this case prior to the effective date of his retirement on September 1, 1992 and thereafter by designation pursuant to Code § 17-116.01.