COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Annunziata and
        Senior Judge Hodges
Argued at Richmond, Virginia


MARCUS BOOKER COLLINS

v.   Record No. 1456-94-1          MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                 JULY 18, 1995

             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      William F. Rutherford, Judge

             Michael J. Woods (Wilcox & Woods, P.C., on brief),
             for appellant.

             Monica S. McElyea, Assistant Attorney General
             (James S. Gilmore, III, Attorney General, on
             brief), for appellee.


     Marcus Booker Collins appeals his conviction of distributing

cocaine in violation of Code § 18.2-248.  Collins contends that

his mere presence at the scene where drugs were distributed to an

undercover narcotics detective was insufficient to convict him as

a matter of law.  Because the Commonwealth's evidence showed

circumstances linking Collins to the distribution of the cocaine,

other than his presence at the scene of the drug sale, we hold

the evidence was sufficient to convict Collins and affirm the

trial court's decision.

     "Circumstantial evidence is as competent and is entitled to

as much weight as direct evidence, provided it is sufficiently

convincing to exclude every reasonable hypothesis except that of

guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864,

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

876 (1983). While the circumstances of time, place, motive, means and conduct must concur in pointing to the defendant's guilt beyond a reasonable doubt, not all of the circumstances must be individually proved beyond a reasonable doubt. Cantrell v. Commonwealth, 229 Va. 387, 397, 329 S.E.2d 22, 29 (1985).

Inferences to be drawn from the proved facts are within the province of the fact finder so long as the inferences are reasonable and justified. Person v. Commonwealth, 10 Va. App. 36, 39, 389 S.E.2d 907, 909 (1990). Further, the credibility of witnesses and the weight assigned their testimony are matters exclusively for the fact finder. Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993).

This Court has recognized that "[i]t cannot be reasonably inferred from the mere presence of the defendant at a street intersection and the intersection's reputation as a place for trafficking in drugs that [defendant] was engaged in the illegal activity of drug distribution." Riley v. Commonwealth, 13 Va. App. 494, 498, 412 S.E.2d 724, 726-27 (1992); Brown v. Commonwealth, 15 Va. App. 232, 234, 421 S.E.2d 911, 912 (1992) (citing Smith v. Commonwealth, 217 Va. 336, 337, 228 S.E.2d 562 (1976)). However, we have also noted that where there is other evidence of criminal conduct in addition to the defendant's presence in an area reputed for drug activity, the defendant's presence in such place is probative of his involvement in the distribution of drugs. Brown, 15 Va. App. at 234, 421 S.E.2d at 913; see also Coe v. Commonwealth, 231 Va. App. 83, 89, 340

S.E.2d 820, 823 (1986).

In this case, the trial judge could have inferred from the Commonwealth's circumstantial evidence that Collins was involved in the distribution of cocaine in the location where the undercover narcotics officers believed cocaine was being sold. That evidence showed that Collins, who was with three other men, used a common hand signal among street drug dealers to attract the undercover officer's attention and let him know that he had drugs for sale. In response, the officer made the same gesture, stopped his car, rolled down his window, and asked them if they had any drugs. Collins then motioned for the undercover officer to get off the street and pull into a parking lot. When one of the other men sold cocaine to the officer in response to the officer's request, Collins was standing shoulder to shoulder with the man at the officer's car. Upon being arrested, Collins was found to be holding two large stashes of cash in his pants pockets. A trained drug screening dog later indicated the presence of cocaine residue on the cash discovered on Collins.

The trial judge believed the testimony of the undercover narcotics officer and did not believe appellant's testimony that he only approached the officer's car to get a ride or use his car for transportation. Viewing the evidence, as we must, in the light most favorable to the Commonwealth, Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987), we hold the evidence was sufficient to convict Collins.

                                              Affirmed.