COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Beales and Powell
Argued at Richmond, Virginia


ARCHIE LAVANCE SIMMONS

                                 MEMORANDUM OPINION[*] BY

v.      Record No. 2434-09-2              JUDGE ROBERT P. FRANK
                                      OCTOBER 26, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Richard D. Taylor, Jr., Judge

Catherine S. Rusz (Johnson, Gaborik, Fisher-Rizk and Rusz, PLC,
on brief), for appellant.

Richard B. Smith, Special Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Archie Lavance Simmons, appellant, appeals his conviction, following a bench trial, for

possession of a controlled substance with intent to distribute, second or subsequent offense, in

violation of Code § 18.2-248. On appeal, he contends that the trial court erred in denying his

motion to suppress evidence because police seized him in violation of the Fourth Amendment.

He also alleges the trial court erred in denying his motion to suppress his statements because the

Commonwealth failed to show that his statements were made after a knowing, voluntary, and

intelligent waiver of his Miranda[1] rights. For the reasons that follow, we affirm.

BACKGROUND

Under well established principles of appellate review, we view the evidence and all

reasonable inferences deducible from that evidence in the light most favorable to the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] See Miranda v. Arizona, 384 U.S. 436, 471 (1966).

Commonwealth, the party prevailing below. Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003).

So viewed, the evidence proved that at approximately 7:20 p.m. on April 1, 2008, Richmond City police officers Stuart Hannah and Michael Kirby were patrolling the area around Mosby Court. This is a high-crime area and a Richmond Redevelopment and Housing Authority (RRHA) property. Officer Hannah recognized appellant from previous encounters with him and knew that he did not live in Mosby Court. Mosby Court had "no trespassing" signs posted. When the officers first had contact with appellant, he was walking along R Street. R Street is a public thoroughfare.

Officer Hannah pulled his marked police vehicle closer to question appellant about a trespass. Appellant walked quickly away from the officers while clutching his waistband. Officer Kirby got out of the car and approached appellant to ask him what he was doing in the area.

Appellant began quickly walking away towards Mosby Court property, while still clutching his waistband. Because Hannah knew that appellant did not live in the Mosby Court area, he suspected that appellant was trespassing. Although Hannah knew that appellant had been previously arrested, he did not know if appellant was barred from Mosby Court. Hannah and Kirby believed, based on their training and experience, that appellant's actions -- walking away quickly and holding his hand to his waistband -- were consistent with someone trying to conceal a firearm.

While Kirby attempted to talk to appellant, Hannah drove the police car to a convenience store parking lot and observed appellant cutting through Mosby Court. When Hannah got out of his car, appellant changed directions, but did not increase his pace. Appellant saw Officer Hannah and began to run away from him, keeping his right hand at his waistband and shielding

his body away from the officers. Officer Hannah told appellant to stop because he was investigating a trespassing, but appellant continued running until Officer Kirby caught him.

When Officer Kirby grabbed appellant, appellant's jacket slipped off his body, and a green plastic container fell from the jacket to the ground. This container contained six individually wrapped "hits" of heroin. The officers eventually pinned appellant to the ground. Appellant would not remove his right hand from under his body, requiring the officers to force his hand behind his back in order to put him in handcuffs.

While on the ground and in handcuffs, appellant complained of injury to his back. An ambulance and emergency personnel arrived to assist appellant. Appellant hit one of the emergency personnel while the officers were adjusting his handcuffs. When the emergency workers rolled appellant onto a backboard, a gun was on the ground under where appellant's right arm had been.

Officer Kirby read appellant his Miranda warnings at the hospital, before appellant received treatment. The Miranda warnings were entirely verbal; appellant did not sign a waiver, nor did he sign the notepad on which Kirby recorded his notes. Appellant stated he understood his rights and then made several incriminating statements.

At the hearing on appellant's motion to suppress, Officers Hannah and Kirby testified that they believed RRHA policy prohibited entering into Mosby Court without the permission of a leaseholder, but admitted that they had not confirmed this belief. Appellant admitted that he entered onto Mosby Court property.

## ANALYSIS

### Motion to Suppress Evidence

Appellant first argues the trial court erred in denying his motion to suppress evidence, alleging that police seized him without reasonable articulable suspicion, in violation of the

Fourth Amendment. The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV.

> "In reviewing the denial of a motion to suppress evidence claiming a violation of a person's Fourth Amendment rights, we consider the facts in the light most favorable to the Commonwealth, the prevailing party at trial. The burden is on the defendant to show that the trial court committed reversible error. We are bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence. We will review the trial court's application of the law *de novo*." Whitehead v. Commonwealth, 278 Va. 300, 306-07, 683 S.E.2d 299, 301 (2009) (quoting Malbrough v. Commonwealth, 275 Va. 163, 168-69, 655 S.E.2d 1, 3 (2008)).

Whitaker v. Commonwealth, 279 Va. 268, 273-74, 687 S.E.2d 733, 735-36 (2010).

Police officers may stop a person to investigate possible criminal behavior even if there is no probable cause for an arrest. Terry v. Ohio, 392 U.S. 1, 22 (1968). A police officer may constitutionally conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. Id. at 30. An officer must be able to articulate more than an unparticularized suspicion or "hunch" that criminal activity is afoot in order to demonstrate reasonable suspicion. Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000).

It is well-settled law that whether reasonable suspicion "'exists to warrant an investigatory stop is determined by the totality of the circumstances.'" Gregory v. Commonwealth, 22 Va. App. 100, 107, 468 S.E.2d 117, 121 (1996) (quoting Smith v. Commonwealth, 12 Va. App. 1100, 1103, 407 S.E.2d 49, 51 (1991)). These circumstances may include "an obvious attempt to avoid officers," Williams v. Commonwealth, 4 Va. App. 53, 67, 354 S.E.2d 79, 87 (1987), the "defendant's presence in a high crime area," Brown v. Commonwealth, 15 Va. App. 232, 235 n.1, 421 S.E.2d 911, 912 n.1 (1992), and any "furtive movements and suspicious conduct" of the accused, Purdie v. Commonwealth, 36 Va. App. 178, 186, 549 S.E.2d 33, 37 (2001).

- 4 -

A person is "seized" for Fourth Amendment purposes if, under the circumstances, "a reasonable person would believe that he was not free to leave the scene of an encounter with the police." McCain v. Commonwealth, 261 Va. 483, 490, 545 S.E.2d 541, 545 (2001). In this case, appellant was seized when Officer Kirby grabbed him. Before that physical contact, appellant had disregarded the officers' requests for him to stop and talk to them, so he had not been seized. "A seizure does not occur in the absence of physical force used by a law enforcement officer or a defendant's submission to an officer's assertion of authority." Id. at 491, 545 S.E.2d at 546. See also California v. Hodari D., 499 U.S. 621, 626 (1991); Washington v. Commonwealth, 29 Va. App. 5, 10-11, 509 S.E.2d 512, 514 (1999).

The police attempted a consensual encounter with appellant. When they seized appellant, they had reasonable suspicion to do so. Appellant contends this case is analogous to Jones v. Commonwealth, 53 Va. App. 171, 179, 670 S.E.2d 31, 36 (2008), which held that "mere presence in a 'high-crime area' is insufficient as a matter of law to provide reasonable suspicion for an investigative stop." While there are some factual similarities, this case is easily distinguishable. Officers in Jones did not recognize the defendant and had no articulable reason to suspect criminal activity.

It should be noted that our analysis is not limited to trespassing, but is based on the totality of the circumstances. We do not require the officer to suspect a specific crime; rather, "he must have 'a reasonable suspicion, based on objective facts, that the [person] is involved in criminal activity.'" Ewell v. Commonwealth, 254 Va. 214, 217, 491 S.E.2d 721, 722 (1997) (quoting Brown v. Texas, 443 U.S. 47, 51 (1979)). To determine whether the "officer had a particularized and objective basis for suspecting that the person stopped may be involved in criminal activity, a court must consider the totality of the circumstances." Id. at 217, 491 S.E.2d at 722-23 (citing United States v. Cortez, 449 U.S. 411, 417-18 (1981)).

In the instant case, by the time officers seized appellant, they recognized him from previous encounters; he was on private, RRHA property, which officers identified as a high-crime area, see Bandy v. Commonwealth, 52 Va. App. 510, 518, 664 S.E.2d 519, 523 (2008); he had made furtive gestures, see Rudolph v. Commonwealth, 277 Va. 209, 216, ___ S.E.2d ___, ___ (2009); grabbing his waistband and concealing his body from police, see Langston v. Commonwealth, 28 Va. App. 276, 284, 504 S.E.2d 380, 384 (1998); and he had run from police, see Whitaker v. Commonwealth, 279 Va. 268, 276, 687 S.E.2d 733, 737 (2010). This is not "mere presence," as appellant suggests. Considering the totality of the circumstances, we conclude that the officers had articulable facts which gave rise to reasonable suspicion of criminal activity. Therefore, they were justified in seizing appellant.

As we noted previously, on appeal from the denial of a motion to suppress claiming a violation of a person's Fourth Amendment rights, the appellant has the burden to show that the trial court committed reversible error. Appellant has failed to carry this burden, so we decline to reverse the trial court's denial of his motion.

Motion to Suppress Statements

Appellant next contends the trial court erred in denying his motion to suppress his statements. According to appellant, the Commonwealth failed to show that his statements were made after a knowing, voluntary, and intelligent waiver of his Miranda rights. We disagree.

Well-settled law requires that "a suspect be informed of his constitutional rights to the assistance of counsel and against self-incrimination." Jackson v. Commonwealth, 266 Va. 423, 432, 587 S.E.2d 532, 540 (2003) (citing Miranda, 384 U.S. at 471). The suspect can waive these rights "if the waiver is made knowingly and intelligently." Id. The burden to show a knowing and intelligent waiver is on the Commonwealth. Id. The question of whether a waiver of Miranda rights was made knowingly and intelligently is a question of fact that will not be set

aside on appeal unless plainly wrong. Harrison v. Commonwealth, 244 Va. 576, 581, 423 S.E.2d 160, 163 (1992).

In this case, Officer Kirby testified that he read the Miranda warnings to appellant and that appellant indicated he understood his rights before he made any statements.[2] Kirby testified that prior to giving appellant these warnings, questioning was limited to inquiries about appellant's back injury. Officer Kirby's notes also indicate that Miranda warnings were given. The trial court accepted the officer's testimony, stating that there was "just no reason to believe that the officers made up this story."

Appellant notes that there is no signed waiver; however, "[a]n express written or oral statement of waiver of rights is not required." Cheng v. Commonwealth, 240 Va. 26, 35, 393 S.E.2d 599, 604 (1990) (citing North Carolina v. Butler, 441 U.S. 369, 373 (1979)).

Although appellant testified that he did not receive Miranda warnings before making a statement, the trial court rejected this testimony. The trial court noted that appellant is a convicted felon and stated that appellant's testimony was "basically absolutely incredible." Established law provides the trial court with the responsibility to "evaluate[] the credibility of the witnesses, resolve[] any conflicts in the testimony, and weigh[] the evidence as a whole." Watkins v. Commonwealth, 229 Va. 469, 477, 331 S.E.2d 422, 429 (1985).

Finally, appellant alleges that his injuries could have affected his ability to make a knowing, intelligent, and voluntary waiver. However, although appellant testified he was in pain while being questioned, he was not under the influence of any medication, and he never indicated he did not understand his rights. Rather, appellant testified that the officers did not

---

[2] Appellant's contention that Officer Kirby said he gave "some warnings" was not raised in the trial court and is therefore barred by Rule 5A:18. Further, appellant takes the officer's testimony out of context. Kirby consistently testified that he provided appellant with his Miranda warnings. In addition, Kirby's notes reflect "Miranda warnings read at 2057 hrs."

read him his rights. As we previously noted, the trial court disregarded this testimony. The officers, on the other hand, gave credible testimony that appellant appeared to understand his rights – and that appellant indicated that he understood his rights. The trial court could infer from this that appellant's reasoning was not impaired.

We do not find the trial court's ruling to be wrong. Rather, the evidence in the record supports the trial court. Therefore, we hold that it was not error for the trial court to deny appellant's motion to suppress and admit his statements.[3]

## CONCLUSION

For the foregoing reasons, we conclude that the trial court did not err in denying appellant's motion to suppress evidence seized from him and statements he made to police. We therefore affirm the judgment of the trial court.

<u>Affirmed.</u>

---

[3] In appellant's brief, it appears appellant anticipated that the Attorney General would make the argument that the appeal was barred by the doctrine of *res judicata*, based on the denial of appellant's petition for appeal styled <u>Simmons v. Commonwealth</u>, Record No. 0129-09-2. However, the Attorney General stated in its brief that *res judicata* does not apply. Therefore, we do not address the issue.