## STATE OF CONNECTICUT *v.* ANTWON BROWN
### (AC 32397)

DiPentima, C. J., and Gruendel and Lavine, Js.

---

Argued September 23—officially released November 22, 2011

*Joseph A. Jaumann*, special public defender, with whom, on the brief, was *John C. Drapp III*, special public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, and *Jonathan M. Sousa*, certified legal intern, with whom, on the brief, were *John A. Connelly*, former state's attorney, and *Patrick Griffin*, senior assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Antwon Brown, appeals from the judgments[1] of conviction of the trial court, rendered after a jury trial, of two counts of conspiracy to commit robbery in the first degree in violation

---

[1] Although there was a substitute information with two counts of conspiracy to commit robbery in the first degree, the record contains a separate judgment file for each count. The defendant has appealed from both judgments.

of General Statutes §§ 53a-48 (a) and 53a-134 (a) (2). On appeal, the defendant claims that the trial court violated his federal constitutional right against double jeopardy when it determined that the two counts of conspiracy to commit robbery in the first degree were separate offenses rather than a single conspiracy. We affirm the judgments of the trial court.

The jury reasonably could have found the following facts from the evidence presented. On November 11, 2008, the defendant received a cell phone call from his friend, Lonnie Cross, who told the defendant he was coming to pick him up. Cross then picked up the defendant at his home. Adam Mines, another friend, was riding in the front seat. Thereafter, Cross drove to Store 40, a convenience store located at 1276 Meriden Road in Waterbury. Cross informed Mines and the defendant that he was going to rob the store. Mines and the defendant waited in the car while Cross entered the convenience store.

A few moments later, Cross returned to the vehicle and told Mines and the defendant that "everything was good." Cross then drove to Ideal Package Store, a liquor store located at 408 Hill Street in Waterbury. Cross parked the car on a nearby side street and informed Mines and the defendant that he was going to rob the liquor store. Mines agreed to accompany Cross. They told the defendant to wait in the driver's seat and keep the engine running, which he did. Cross and Mines exited the store a few minutes later, and the defendant drove away from the store as soon as his accomplices were in the car.

The three men were apprehended later that night, and the defendant was taken to the police station for questioning. The defendant provided a voluntary statement detailing his involvement in the two robberies.

Immediately thereafter, the defendant was placed under arrest.

After the court granted a motion to consolidate filed by the state, the state filed a single substitute information on October 8, 2009. The first count of the substitute information alleged that on November 11, 2008, at approximately 7:54 p.m., the defendant, with the intent to rob Store 40 at 1276 Meriden Road in Waterbury, "agreed with one or more persons, to wit: Lonnie Cross and Adam Mines, to engage in and cause the performance of such conduct, and any one of them committed an overt act in pursuance of such conspiracy." The second count of the substitute information alleged that on November 11, 2008, at approximately 8:15 p.m., the defendant, with the intent to rob Ideal Package Store at 408 Hill Street in Waterbury, "agreed with one or more persons, to wit: Lonnie Cross and Adam Mines, to engage in and cause the performance of such conduct, and any one of them committed an overt act in pursuance of such conspiracy." Following the presentation of evidence, the jury found the defendant guilty on both counts.

On February 9, 2010, the court, sua sponte, ordered the parties to address at sentencing whether the two conspiracy convictions should be merged. On March 26, 2010, after hearing argument from the parties, the court declined to merge the defendant's two conspiracy convictions, concluding that there was "no evidence from the [defendant's] confession that the parties . . . agreed at the same time to rob both stores." The court sentenced the defendant to two concurrent terms of ten years in prison followed by ten years of special parole.[2] This appeal followed.

[2] Although the court sentenced the defendant to concurrent sentences, the defendant argues that the additional conviction subjects him to the adverse consequences that result from more than one judgment of conviction. See *State* v. *Napoleon*, 12 Conn. App. 274, 280, 530 A.2d 634, cert. denied, 205 Conn. 809, 532 A.2d 78 (1987).

The defendant claims that his convictions of two counts of conspiracy to commit robbery violate the prohibition against double jeopardy contained in the fifth amendment to the United States constitution.[3] He argues, based on *State* v. *Ellison*, 79 Conn. App. 591, 599, 830 A.2d 812, cert. denied, 267 Conn. 901, 838 A.2d 211 (2003), that because of the identical nature of the charges, the participation of the same three individuals, the proximity of the robberies in time and location, the similarity of the crimes and other factors, the two robberies were a single conspiracy. We disagree.

"The standard of review to determine whether the defendant's constitutional right against double jeopardy was violated is de novo because it is a question of law. . . . The factual findings of the court that [determine] that issue, however, will stand unless they are clearly erroneous." (Citation omitted.) Id., 598.

"The double jeopardy clause of the fifth amendment to the United States constitution provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. This clause prohibits not only multiple trials for the same offense but also multiple punishment for the same offense. . . . Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Citations omitted; internal quotation marks

---

[3] Although the defendant claims that this double jeopardy claim is grounded in the Connecticut constitution as well, "he has failed to provide us with an independent analysis of his Connecticut constitutional claim. This court, as well as our Supreme Court, has consistently declined to consider criminal state constitutional claims when we have not been provided with an independent analysis of the particular state constitutional provision raised." *State* v. *Russell*, 25 Conn. App. 243, 249, 594 A.2d 1000, cert. denied, 220 Conn. 911, 597 A.2d 338 (1991). We therefore consider his claim under the federal constitution alone.

omitted.) *State* v. *Morris*, 49 Conn. App. 409, 417–18, 716 A.2d 897, cert. denied, 247 Conn. 904, 720 A.2d 516 (1998). "The defendant on appeal bears the burden of proving that the prosecutions are for the same offense in law and fact." *State* v. *Snook*, 210 Conn. 244, 264, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989).

"Some of the factors to consider in the context of whether multiple prosecutions are permitted for multiple conspiracies are the participants, the time period, similarity of the crimes, and the existence of common acts, objectives and a common location. See *United States* v. *Korfant*, 771 F.2d 660, 662 (2d Cir. 1985)." *State* v. *Ellison*, supra, 79 Conn. App. 599. In *Ellison*, this court also considered as evidence of multiple agreements that there were separate discussions. Id., 599–600.

After reviewing the record, we conclude that the court's factual finding that there were two separate agreements was not clearly erroneous. As the court noted at sentencing, "[t]he theory of the case is that because of the confession, it's clear the defendant agreed to rob the second store and by inference, there was an agreement to rob the first store, Store 40 . . . suggesting a separate agreement." There is no evidence to indicate exactly when the defendant, Cross and Mines formed an agreement to rob the first store,[4] but the defendant's statement indicates that Cross drove to the first store, informed the defendant and Mines that he was going to rob the store, and the defendant and Mines waited in the car. The statement further indicates that the three men then formed an agreement to rob the second store after the successful completion

[4] We note that the defendant is not challenging the sufficiency of the evidence for either conviction. Rather, he is only claiming that his constitutional rights were violated by the court's failure to merge the conspiracy convictions.

of the first robbery. There was no evidence presented to suggest that the coconspirators reached a single agreement to rob both stores. Therefore, the court's factual finding that these acts constituted two separate agreements is not clearly erroneous. The defendant's convictions of two separate conspiracies not arising from the same act or transaction did not violate the defendant's constitutional right to be free of double jeopardy. Accordingly, we conclude that the defendant failed to satisfy his burden of proving that the prosecutions were for the same offense. See *State* v. *Snook,* supra, 210 Conn. 264.

The judgments are affirmed.

In this opinion the other judges concurred.