## STATE OF CONNECTICUT *v.* AIDA LOPEZ
### (5546)

SPALLONE, NORCOTT and FOTI, Js.

Argued March 8—decision released May 31, 1988

*Joseph B. Burns,* with whom, on the brief, were *Austin J. McGuigan* and *Lisa J. Barry,* for the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *Mitchell Brody,* deputy assistant state's attorney, and *James G. Clark* and *Warren Maxwell,* assistant state's attorneys, for the appellee (state).

SPALLONE, J. The defendant appeals her conviction, after a jury trial, of the crimes of possession of heroin,

General Statutes § 21a-279 (a), and sale of heroin, General Statutes § 21a-277 (a).

The defendant claims that the trial court erred (1) in admitting evidence of the defendant's prior criminal activity, (2) in admitting prejudicial photographs into evidence, and (3) in improperly presenting photographs to the jury.[1] We find no error.

The jury could reasonably have found the following facts: On March 27, 1984, Joan Mohr called her friend, Darlene O'Neill, and asked her where she could purchase some red bag heroin.[2] At that time, O'Neill was a former drug user and was participating in a methadone treatment program. On the evening of March 27, O'Neill drove Mohr to the defendant's apartment for the purpose of purchasing some red bag heroin. O'Neill had previously purchased drugs from the defendant and three weeks earlier had been asked by the defendant to sell drugs for her in Bristol. O'Neill also asserted that the defendant requested that she approach Mohr about selling drugs for the defendant in Bristol. Both women entered the defendant's apartment, where O'Neill observed the defendant deliver five bags of red bag heroin to Mohr. O'Neill then took Mohr home and went home herself.

In the early hours of March 28, 1984, Neil Hamilton, Joan Mohr's boyfriend, found her dead in the kitchen of

---

[1] We decline to review the defendant's third claim of error because the record indicates that the manner in which certain photographs of the deceased were presented to the jury was not objected to at trial. Ordinarily, the failure to raise a claim at trial renders it unreviewable on appeal. Practice Book § 4185; State v. Lizotte, 200 Conn. 734, 742A, 517 A.2d 610 (1986); State v. Hinckley, 198 Conn. 77, 81, 502 A.2d 388 (1985). We will consider a claim not raised at trial only under exceptional circumstances; State v. Evans, 165 Conn. 61, 69, 327 A.2d 576 (1973); or where the claim of error qualifies for review under the plain error doctrine. Practice Book § 4185; State v. Hinckley, supra, 87–88. This claim meets neither standard.

[2] "Red bag heroin" is heroin that is packaged and sold in red bags and which contains an unusually high percentage of pure heroin.

the apartment they shared. The police, who responded to Hamilton's call, found a red plastic bag on the kitchen counter, four sealed red bags containing heroin hidden in the foil of a cigarette pack and drug paraphernalia. Traces of heroin were also found on a spoon and a cotton swab seized from the apartment. A subsequent autopsy disclosed that Mohr died from an overdose of heroin.

As a result of their investigation, the police secured warrants for the defendant's arrest and a search of her apartment. A search of the defendant's apartment produced part of a red plastic bag containing traces of heroin. The defendant was tried and convicted as indicated above.

The defendant's first allegation of error is that the trial court abused its discretion when it allowed O'Neill to testify that she had purchased drugs from the defendant in 1976 or 1977. We disagree.

Generally, evidence of prior misconduct is inadmissible to prove that the defendant is guilty of the crime charged. *State* v. *Smith,* 198 Conn. 147, 157, 502 A.2d 874 (1985); *State* v. *Perry,* 14 Conn. App. 526, 531, 541 A.2d 1245 (1988); *State* v. *Rodriguez,* 10 Conn. App. 176, 178, 522 A.2d 299 (1987). "Yet, such evidence may be admitted to prove a variety of other things, such as intent, identity, malice, motive, an element of the crime or modus operandi. *State* v. *Brown,* 199 Conn. 47, 56, 505 A.2d 1225 (1986); *State* v. *Shindell,* 195 Conn. 128, 133, 486 A.2d 637 (1985); *State* v. *Ibraimov,* 187 Conn. 348, 352, 446 A.2d 382 (1982). Thus, evidence of prior misconduct is not per se inadmissible. The trial court, in analyzing the admissibility of the evidence, must apply a two-prong test. First, the court must conclude that the offered evidence is relevant and material to one of the enumerated exceptions, e.g., motive, intent and identity. Second, the court must conclude

that the probative value of the evidence outweighs its inevitable prejudicial effect. See *State* v. *Braman,* 191 Conn. 670, 676, 469 A.2d 760 (1983)." *State* v. *Rodriguez,* supra, 178.

"The appropriate standard for reviewing the trial court's determination of the admissibility of the evidence based on this test has been clearly set forth by our Supreme Court. '[T]he trial court's discretion will be reversed only where abuse of discretion is manifest or where an injustice appears to have been done. On review, by this court, therefore, every reasonable presumption should be given in favor of the trial court's ruling.' *State* v. *Shindell,* supra, 134." *State* v. *Rodriguez,* supra, 179; see also *State* v. *Smith,* supra, 156–57.

There is no question in this case that the fact that the witness purchased heroin from the defendant in the past was relevant to the witness' ability positively to identify the defendant as the woman who sold Mohr heroin. In addition, this testimony was probative as to the defendant's knowledge of the presence and substance of the narcotic. See *State* v. *Williams,* 12 Conn. App. 225, 235, 530 A.2d 627 (1987). The court then proceeded to determine whether the prejudicial effect of this testimony was outweighed by its probative value, and concluded that it was. See *State* v. *Shindell,* supra. Furthermore, in its charge to the jury, the trial court limited the purposes of such testimony to the issues of knowledge and identity and proscribed its use as an indication of guilt. Such a limiting instruction serves to minimize any possible prejudice; *State* v. *Brown,* supra, 58; *State* v. *Rodriguez,* supra, 180; and the jury is presumed to have followed the court's instructions. *State* v. *Moye,* 199 Conn. 389, 396, 507 A.2d 1001 (1986); *State* v. *Glenn,* 194 Conn. 483, 497, 481 A.2d 741 (1984). The trial court properly admitted the tes-

timony of O'Neill with regard to prior sales by the defendant and correctly admonished the jury as to the limited purpose of such testimony.

In her second claim, the defendant contends that the trial court committed error when it admitted two photographs into evidence. The first photograph depicted a view of the decedent's kitchen, including the drug paraphernalia on the counter and the corpse in the middle of the floor. The second photograph was a close-up of the decedent's arm, displaying a tourniquet-like mark on the forearm and a needle-like mark in the crook of the elbow.

In *State* v. *McKenna,* 11 Conn. App. 122, 525 A.2d 1374, cert. denied, 205 Conn. 806, 531 A.2d 939 (1987), we stated that "[p]hotographic evidence is admissible where the photograph has a reasonable tendency to prove or disprove a material fact in issue. *State* v. *DeJesus,* 194 Conn. 376, 381, 481 A.2d 1277 (1984). There is no requirement that a potentially inflammatory photograph be essential to the state's case in order for it to be admissible. Rather, the test for admitting the challenged evidence is its relevancy, not its necessity. *State* v. *Haskins,* 188 Conn. 432, 453, 450 A.2d 828 (1982); *State* v. *Piskorski,* 177 Conn. 677, 701, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979). Even if a photograph has the potential to prejudice the jury, it may be admitted if, in the court's discretion, its probative value outweighs its possible prejudicial effect. *State* v. *DeJesus,* supra, 382; *State* v. *Haskins,* supra, 452–53. The trial court has wide discretion when weighing a photograph's potential prejudice against its probative value. *State* v. *DeJesus,* supra; see also *State* v. *Doehrer,* 200 Conn. 642, 649, 513 A.2d 58 (1986); *State* v. *Delgado,* 8 Conn. App. 273, 288–89, 513 A.2d 701 (1986)." *State* v. *McKenna,* supra, 139. On appeal, a trial court's ruling on relevancy will not be disturbed unless a clear abuse

of discretion is shown. *State* v. *Napoleon,* 12 Conn. App. 274, 285, 530 A.2d 634, cert. denied, 205 Conn. 809, 532 A.2d 79 (1987). We need only inquire whether the trial court's conclusion was reasonable. *State* v. *Hamele,* 188 Conn. 372, 383, 449 A.2d 1020 (1982). In this case, the trial court expressly concluded that the photographs were relevant to, inter alia, "the finding presumably of heroin in the body," and to the "testimony with regard to the marks [on the decedent's arm] exhibited by the doctor." We cannot say that the trial court acted improperly or otherwise abused its discretion in admitting the photographs.

In conclusion, we find that the trial court did not abuse its discretion and acted properly and in accordance with applicable law when it admitted evidence of the defendant's prior misconduct and in its admission into evidence of certain photographs of the victim.

There is no error.

In this opinion the other judges concurred.