## STATE OF CONNECTICUT *v.* SAMUEL SPIVEY
## (AC 18028)

O'Connell, C. J., and Schaller and Spear, Js.

Argued March 2—officially released June 8, 1999

*Jeremiah Donovan*, with whom, on the brief, was *Alix Biel*, law student intern, for the appellant (defendant).

*Robert M. Spector*, deputy assistant state's attorney, with whom, on the brief, were *John T. Redway*, state's attorney, and *Russell C. Zentner*, assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of conviction, rendered following a jury trial, of three counts of sale of a narcotic substance by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and three counts of sale of a controlled substance within 1500 feet of a school in violation of General Statutes § 21a-278a (b). The defendant claims that the trial court improperly (1) admitted hearsay evidence, (2) instructed the jury on the state's burden of proof and (3) admitted evidence of uncharged misconduct. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. Officer Richard Batts of the Middletown police department was an undercover officer in a sting operation aimed at apprehending local drug dealers. Batts wore a body wire that allowed his backups, Sergeant Frank Violissi and Officer Jack Harris, to monitor his transactions; the monitoring device, however, did not record any conversations.

Batts purchased drugs from the defendant on four separate occasions, each time approaching the defendant and asking him for a "twenty." The defendant would leave, return minutes later and hand Batts a package. Immediately after the first narcotics purchase, Batts met Violissi and Harris and identified the defendant from an array of photographs. Soon thereafter, Harris field-tested the substance Batts purchased, which proved to be cocaine. Each subsequent purchase also proved to be cocaine. On one occasion, the defendant told Batts that he "would be selling all night and that if Batts came back later, he would give him a

bigger piece." Both Violissi and Harris identified the defendant's voice as that of the drug dealer and testified to the nature of the conversations they heard over the wire.

I

The defendant claims that the trial court abused its discretion by allowing Violissi and Harris to testify concerning the conversations they heard on the monitoring device. He contends that these conversations do not fall under the hearsay exception for admissions of a party opponent. We do not agree.

" 'The words and acts of a party-opponent are generally admissible against him [or her] under the admission exception.' " *Willow Funding Co., L.P.* v. *Grencom Associates*, 246 Conn. 615, 620, 717 A.2d 1211 (1998). "Under the admissions of a party opponent exception to the hearsay rule, evidence must be offered against the party that made the admission." *Martins* v. *Connecticut Light & Power Co.*, 35 Conn. App. 212, 228, 645 A.2d 557, cert. denied, 231 Conn. 915, 648 A.2d 154 (1994).

Violissi and Harris both heard the defendant offer to sell drugs to Batts. Violissi heard the defendant say that he would be receiving a shipment of crack cocaine between 9 and 10 p.m. that evening. Moreover, Violissi heard the defendant negotiate the sale of an "8-ball" of cocaine for $170 and that the defendant said that he would be selling until 5 a.m. This is clearly an admission, admissible under the hearsay exception. "An admission, as applied to criminal cases, is the avowal or acknowledgment of a fact or of circumstances from which guilt *may* be inferred, and only *tending* to prove the offense charged, but not amounting to a confession of guilt." (Emphasis in original; internal quotation marks omitted.) *State* v. *Stepney*, 191 Conn. 233, 250, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984).

These statements are relevant and material to the issues because the jury reasonably may have inferred from their content that they manifested the defendant's conscious and continuing resolve to sell drugs. It is reasonable to conclude that the jury would find these statements highly probative because they tended to show the defendant's intent and motive at the time of the drug sales. "The trial court's discretionary determination that the probative value of evidence is not outweighed by its prejudicial effect will not be disturbed on appeal unless a clear abuse of discretion is shown." *State* v. *Joly*, 219 Conn. 234, 253, 593 A.2d 96 (1991).

In light of these facts, we conclude that the trial court did not abuse its discretion in admitting the officers' testimony under the admission of a party opponent exception to the hearsay rule.

II

The defendant next argues that the trial court's instructions improperly shifted the burden of proof to the defendant and that the trial court failed to instruct the jury or give a limiting instruction. We do not agree.

"It is well established that [a] charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied to any part of a charge is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Internal quotation marks omitted.) *State* v. *Austin*, 244 Conn. 226, 235, 710 A.2d 732 (1998).

The defendant claims that one sentence in the jury instruction shifted the burden of proof to the defendant.[1] When the charge is read in its entirety, the instruction clearly shows that the trial court unequivocally stated that the state has the burden of proof. The defendant is attempting to isolate one sentence in the charge. Our review of the charge as a whole shows that there was no ambiguity in the fact that the jury was instructed that the state had to prove each element beyond a reasonable doubt. The isolated misstatement was not significant enough to mislead the jury.

### III

The defendant next claims that the trial court improperly admitted evidence of a prior incident of uncharged misconduct. Additional facts are necessary for the resolution of this issue. From December, 1995, through January, 1996, the defendant was involved in four drug transactions with Batts. The defendant, however, is charged only with the last three of these drug transactions. The defendant contends that the trial court improperly admitted evidence of the uncharged transaction.[2]

" '[E]vidence of prior misconduct is not per se inadmissible. The trial court, in analyzing the admissibility of the evidence, must apply a two-prong test. First, the court must conclude that the offered evidence is relevant and material to one of the enumerated exceptions, e.g., motive, intent and identity. Second, the court

---

[1] The relevant portion of the trial court's jury instruction was as follows: "The burden to prove the defendant guilty of the crime charged is upon the state. The defendant does not have to prove his innocence. This means that the state must prove beyond a reasonable doubt each and every element necessary to constitute the crimes charged. Whether the burden of proof resting upon the *defendant* is sustained depends not on the number of witnesses nor on the quantity of the testimony, but rather it depends on the nature, quality and accuracy of the testimony." (Emphasis added.)

[2] The charged offenses occurred on December 29, 1995, January 3 and January 11, 1996.

must conclude that the probative value of the evidence outweighs its inevitable prejudicial effect.' " *State* v. *Lopez*, 14 Conn. App. 536, 538–39, 541 A.2d 902 (1988).

The trial court found that Violissi and Harris had known the defendant for years, were familiar with his voice and were able to identify the defendant's voice as that of the drug dealer they heard over the wire. The state contends that this evidence falls under the exception that " 'evidence of prior misconduct is admissible for the limited purposes of showing intent, an element in the crime, identity, malice, motive or a system of criminal design.' " *State* v. *Cepeda*, 51 Conn. App. 409, 430, 723 A.2d 331, cert. denied, 248 Conn. 912, 732 A.2d 180 (1999). We agree.

Here, there is no question that Batts purchased drugs from the defendant on one occasion prior to the sales with which he is charged and that the prior transaction was relevant to Batts' ability positively to identify the defendant as the person who had sold him drugs. The evidence showed that immediately following the purchase of cocaine on the charged occasions, Batts was able to identify the defendant as the man who had sold him drugs. This uncharged incident was probative of the defendant's identity. *State* v. *Lopez*, supra, 14 Conn. App. 539. The trial court properly admitted the evidence of misconduct under this exception.

The defendant argues that even if the evidence falls under this exception, it was highly prejudicial. A trial court's admission of evidence that a defendant previously engaged in drug related activity is not necessarily unfairly prejudicial. *State* v. *Jenkins*, 24 Conn. App. 330, 337, 588 A.2d 648, cert. denied, 219 Conn. 903, 593 A.2d 132 (1991). In addition, the evidence of uncharged misconduct was presented to the jury following a limiting instruction to use this evidence solely on the issue of identity. The trial court emphasized the fact that the evidence could not be used to prove that the three other

transactions had occurred, which lessened its potential prejudicial effect. See *State* v. *Cepeda*, supra, 51 Conn. App. 431. The trial court reasonably could have concluded that the probative value of such evidence outweighed its prejudicial tendency. Accordingly, we conclude that the trial court did not abuse its discretion in admitting evidence of the defendant's prior misconduct.

The judgment is affirmed.

In this opinion the other judges concurred.