MATTHEW ROBINSON *v.* COMMISSIONER
OF CORRECTION
(AC 22556)

Foti, Schaller and West, Js.

Submitted on briefs September 16—officially released November 19, 2002

*Richard C. Marquette,* special public defender, filed a brief for the appellant (petitioner).

*Frederick W. Fawcett,* supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Matthew Robinson, appeals from the habeas court's judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that he was innocent in fact[1] and that the court improperly concluded that the assistance rendered by the petitioner's trial counsel was not ineffective. We affirm the judgment of the habeas court.

In December, 1997, a jury convicted the petitioner of having murdered Raymond Felix on May 19, 1997, in Bridgeport. The conviction was upheld by this court in

---

[1] In his brief to this court, the petitioner claims that he was innocent in fact and that the habeas court applied an improper standard to his claim of actual innocence. In fact, the bulk of the petitioner's appellate brief concerns the standard to be applied to a claim of actual innocence. The respondent commissioner of correction has argued that this claim is not reviewable because it was not raised during the habeas proceedings. We agree.

We have conducted a thorough review of the petition for a writ of habeas corpus, the transcript of the hearing and the brief the petitioner asked to submit to the habeas court. Nowhere did the petitioner allege or present evidence of innocence in fact or cite the standard applicable to such a claim. A claim of actual innocence never was raised before the habeas court, and the court did not address such a claim in its memorandum of decision.

"In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement. . . . The petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . The purpose of the [petition] is to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise." (Citations omitted; internal quotation marks omitted.) *Holley* v. *Commissioner of Correction,* 62 Conn. App. 170, 181, 774 A.2d 148 (2001).

*State* v. *Robinson*, 56 Conn. App. 794, 746 A.2d 210, cert. denied, 253 Conn. 904, 753 A.2d 938 (2000). At trial, the petitioner asserted an alibi defense that he could not have committed the murder because he was applying for a job at United Parcel Service at the time of the crime. He and his girlfriend testified to that effect on the basis of the petitioner's having called for her at her place of employment after he left the United Parcel Service office. No one at that office remembered the petitioner's applying for employment. The state presented the testimony of three individuals who identified the petitioner as the person who shot Felix, and one of the witnesses testified as to the petitioner's motive to kill Felix. The state also presented evidence of the petitioner's flight from Bridgeport as consciousness of guilt.

The petitioner filed a second amended petition on June 19, 2001. He alleged that his state and federal constitutional rights were violated because the public defender who represented him at trial provided ineffective assistance of counsel in that his performance fell below the range of competence demonstrated by lawyers of ordinary training and skill in the area of criminal law and that as a result of his counsel's deficient performance, the petitioner suffered prejudice. Specifically, the petitioner alleged that his counsel failed (1) to provide adequate and effective advice with respect to the petitioner's testifying at trial, (2) to conduct an adequate pretrial investigation and (3) to prepare the petitioner's case for trial. After a hearing, the court concluded that the petitioner had failed to overcome the presumption of effective assistance of counsel. See *Safford* v. *Warden*, 223 Conn. 180, 194, 612 A.2d 1161 (1992). The court thereafter granted the petitioner's petition for certification to appeal to this court.

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they

are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . A convicted defendant's claim that counsel's assistance was so defective as to require a reversal of the conviction . . . has two components. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Citation omitted; internal quotation marks omitted.) *Henry* v. *Commissioner of Correction*, 60 Conn. App. 313, 316–17, 759 A.2d 118 (2000).

The court found that the petitioner and his counsel had discussed the need for the petitioner to testify because there was only one alibi witness, the petitioner's girlfriend, and the state had presented the testimony of three eyewitnesses, one of whom testified about the petitioner's motive for shooting Felix. The habeas court found that the petitioner had made the decision to testify and that counsel's advice represented sound trial strategy. At the habeas hearing, the petitioner failed to produce the second alibi witness, whom he claimed his counsel had failed to investigate.[2] The court, therefore, concluded that it was left to speculate or to surmise as to whether there was evidence that would have resulted in a different outcome at trial. The court also concluded that the petitioner's claim that his counsel was not prepared for trial was not supported by the evidence. On the basis of our review of the record, we agree that the performance of the petitioner's trial

---

[2] There was evidence that the petitioner and his girlfriend never informed counsel of the second alibi witness.

counsel was not deficient. The petitioner was not preju-
diced by the representation that he received.

The judgment is affirmed.