SAMUEL L. SPIVEY *v.* COMMISSIONER OF
CORRECTION
(AC 23315)

Schaller, DiPentima and McLachlan, Js.

Submitted on briefs September 19—officially released October 28, 2003

*Kevin E. Dehghani*, special public defender, filed a brief for the appellant (petitioner).

*Timothy J. Liston*, state's attorney, *Marjorie Allen Dauster*, senior assistant state's attorney, *Angela R.*

*Macchiarulo*, assistant state's attorney, and *Alison Thomas*, law student intern, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Samuel L. Spivey, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that his trial attorney was not ineffective in choosing not to investigate properly and to advance at trial and at sentencing a defense of drug dependency. We disagree and, accordingly, affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. After a jury trial, the petitioner was convicted of three counts of sale of a narcotic substance by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and three counts of sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b). He received a total effective sentence of eighteen years imprisonment. This court upheld the petitioner's conviction. See *State* v. *Spivey*, 53 Conn. App. 652, 736 A.2d 153, cert. denied, 249 Conn. 928, 738 A.2d 653 (1999).

Thereafter, the petitioner filed a petition for a writ of habeas corpus. In the petition, the petitioner claimed that his trial attorney, William Grady, (1) "failed to properly investigate and offer evidence of [the] petitioner's condition as a drug-dependent person, exposing him to charges and sentencing ranges beyond any potential culpability he carried" and (2) "failed to call witnesses, including the [g]overnment's purported informant . . . and other parties with whom [the police] purchased narcotics, that would challenge the

credibility of the [g]overnment's case."[1] Following a hearing on the habeas petition, the court dismissed the petition for a writ of habeas corpus. The court found that Grady had not been deficient in his representation of the petitioner and that even if Grady's representation were deficient, the petitioner was not prejudiced. The court then granted the petition for certification to appeal from the court's decision.

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . A convicted defendant's claim that counsel's assistance was so defective as to require a reversal of the conviction . . . has two components. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Robinson* v. *Commissioner of Correction*, 73 Conn. App. 579, 581–82, 808 A.2d 1159 (2002), cert. denied, 262 Conn. 944, 815 A.2d 676 (2003).

In finding that Grady's representation of the petitioner was not ineffective, the court, in its memorandum of decision, based "much of its decision on the credibility of the witnesses, namely, their demeanor on the witness stand, their ability to recall certain events, the consistency or inconsistency of their statements or testimony, the manner in which they respond[ed] to ques-

---

[1] At the habeas hearing, counsel for the petitioner waived the petitioner's second claim.

tions on cross-examination as well as direct examination, the conflict of their testimony with other testimony and the other evidence in the case, including the exhibits and the overall reliability of their testimony." At the hearing on the petitioner's habeas petition, the only witnesses to testify were the petitioner and Grady. The court found Grady's testimony credible and the petitioner's testimony "less than credible." "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citation omitted; internal quotation marks omitted.) *Dwyer* v. *Commissioner of Correction*, 69 Conn. App. 551, 561–62, 796 A.2d 1212, cert. denied, 261 Conn. 906, 804 A.2d 212 (2002).

Having reviewed the record and the briefs, we conclude that the court properly found that Grady's representation of the petitioner was not deficient. Grady testified that he ordered a drug dependency evaluation of the petitioner from the Connecticut alcohol and drug abuse commission shortly after he was appointed to represent the petitioner. The report concluded that the petitioner "was not drug-dependent at the time of the alleged offense." Grady further testified that the petitioner "never provided a single name of anybody to contact regarding drug dependency."

At the hearing on his habeas petition, the petitioner testified that his mother would testify that he was drug-dependent and that he had provided Grady with documentation that certain aspects of the report from the Connecticut alcohol and drug abuse commission were incorrect. The petitioner never called his mother to testify that he was drug-dependent, nor did he seek to

introduce the documentary proof that would reveal that the report from the commission was inaccurate. The only evidence that the petitioner presented to the court was his testimony, which the court found not to be credible. As we have stated, the trier of fact is the sole arbiter of the credibility of witnesses. The petitioner, therefore, cannot successfully challenge the court's decision to reject his testimony and to credit Grady's testimony. See *White* v. *Commissioner of Correction*, 66 Conn. App. 847, 849, 788 A.2d 1261 (2001).

The judgment is affirmed.