KATHY GREENE *v.* COMMISSIONER OF
CORRECTION
(AC 26489)

DiPentima, Gruendel and Berdon, Js.

Argued May 23—officially released August 8, 2006

*Sebastian O. DeSantis*, special public defender, for the appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with whom were *James E. Thomas*, state's attorney, and, on the brief, *Anne F. Mahoney*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Kathy Greene, appeals following the habeas court's denial of her petition for

certification to appeal from the judgment denying her amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that she failed to prove that she was denied the effective assistance of counsel at trial or that she was prejudiced by the alleged deficiency. We dismiss the appeal.

On September 22, 1999, the jury found the petitioner guilty of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3), assault in the first degree in violation of General Statutes § 53a-59 (a) (3) and risk of injury to a child in violation of General Statutes § 53-21.[1] As a result of the conviction, the petitioner received a total effective sentence of thirty years incarceration.

On February 13, 2004, the petitioner filed an amended petition for a writ of habeas corpus. The petitioner claimed that she received ineffective assistance of counsel at trial because her attorneys[2] did not keep her adequately apprised of what was going on with the case, conduct discovery or investigate her account of the underlying events. These deficiencies, she argued, denied her the opportunity to assert other constitutional rights. The court held hearings on the petition on February 22 and March 8, 2005, at which the petitioner and her trial attorneys testified. On March 15, 2005, in a well reasoned memorandum of decision, the court considered each of the alleged deficiencies asserted by the petitioner and found that she did not meet her burden of showing that the assistance of counsel was ineffective or that she suffered any actual prejudice as a result

[1] This court upheld the conviction on appeal. *State* v. *Greene*, 69 Conn. App. 463, 794 A.2d 1092, cert. denied, 260 Conn. 934, 802 A.2d 89 (2002).

[2] The petitioner originally was represented by attorney Karen A. Goodrow of the public defender's office. When Goodrow was transferred, she was replaced by attorneys Sara L. Bernstein and M. Fred DeCaprio, also of the public defender's office.

of the representation she received. In doing so, the court found the testimony of the petitioner's attorneys to be credible and supported by the trial transcript, and discredited the petitioner's testimony. On March 23, 2005, the petitioner filed a petition for certification to appeal from the denial of her amended petition for a writ of habeas corpus, which the court denied the same day. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 90 Conn. App. 420, 423–24, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d 1246 (2005), cert. denied sub nom. *Santiago* v. *Lantz*, 547 U.S. 1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006).

"In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to

have been done. . . . As to reversal on the merits, [t]he standard of review of a habeas court's denial of a petition for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." (Citation omitted; internal quotation marks omitted.) *Nicholson* v. *Commissioner of Correction*, 93 Conn. App. 116, 119, 887 A.2d 963, cert. denied, 277 Conn. 926, 895 A.2d 799 (2006).

On appeal, the petitioner asks us to find that the court should have given more credit to her testimony. "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Spivey* v. *Commissioner of Correction*, 80 Conn. App. 58, 61, 832 A.2d 1204 (2003). The petitioner, therefore, has not demonstrated that the court abused its discretion or that she would succeed on the merits of her claim. Her claim does not involve issues that are debatable among jurists of reason, capable of being resolved in a different manner or adequately deserving of encouragement to proceed further.

The appeal is dismissed.