GORDON COLE *v.* COMMISSIONER OF CORRECTION
(AC 27227)
(AC 27228)

Bishop, Gruendel and Lavine, Js.

Argued March 12—officially released July 17, 2007

*Deborah G. Stevenson*, special public defender, for the appellant-appellee (petitioner).

*Jo Anne Sulik*, senior assistant state's attorney, with whom, on the brief, were *Madeline A. Melchionne*, assistant attorney general, *Mary M. Galvin*, former state's attorney, *Kevin D. Lawlor*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee-appellant (respondent).

*Opinion*

PER CURIAM. These two appeals require us to examine the habeas court's determinations regarding the effectiveness of trial counsel in failing to request certain presentence credit for the petitioner, Gordon Cole. The petitioner turned himself in to authorities in Alabama after he learned that Connecticut had issued a warrant for his arrest. Before he was returned to Connecticut for arraignment, he was incarcerated in Alabama for

forty-five days.[1] After the petitioner pleaded guilty and was sentenced, he filed an amended petition for a writ of habeas corpus, in which he alleged that (1) he was entitled to forty-five days of presentence credit and (2) his trial counsel was ineffective for failing to request it from the trial court during his plea canvass. The habeas court dismissed all claims raised in the petition, but ordered that the petitioner be awarded one day of credit for the time he spent in local lockup in Ansonia after he returned to Connecticut, but before he was arraigned. In AC 27227, the petitioner appeals from the judgment of the habeas court, dismissing the claims raised in the amended petition. In AC 27228, the respondent, the commissioner of correction, appeals from the court's order awarding the petitioner one day of credit. We affirm that portion of the habeas court's judgment that is the subject of the appeal in AC 27227. In AC 27228, we reverse that portion of the judgment ordering the respondent to award the petitioner one day of credit because the petitioner did not allege this claim in his amended petition.

The following facts are relevant to our resolution of both appeals. On October 17, 2003, the petitioner pleaded guilty to assault in the first degree in violation of General Statutes § 53a-59 (a) (3) and assault in the second degree in violation of General Statutes § 53a-60. He also admitted to a violation of probation. The trial court found that the pleas "were knowing and voluntarily made with the assistance of competent counsel," and sentenced the petitioner to the agreed

---

[1] At oral argument before this court, counsel for the respondent, the commissioner of correction, indicated that the petitioner was in fact incarcerated in Alabama for fewer than the forty-five days alleged in the petition for a writ of habeas corpus. The exact number of days that the petitioner spent incarcerated in Alabama is not a contested issue on appeal. We refer, therefore, throughout this opinion to the time the petitioner spent incarcerated in Alabama as forty-five days.

on total effective sentence of four years to serve followed by four years of special parole.

At the habeas trial, the petitioner's trial counsel, Bruce E. Weiant, testified that he did not seek the forty-five day credit because the state agreed to reduce its plea offer from five years to serve to four years to serve if the petitioner did not pursue it. After Weiant testified, the habeas court also heard testimony from a records specialist employed by the department of correction (department). On direct examination, she testified that, to her knowledge, there is no statute that allows the department to grant presentence credit to inmates for time spent incarcerated in another state while awaiting extradition. On cross-examination, the petitioner's habeas counsel inquired as to whether the petitioner could have received credit for the one day he spent in local lockup. The records specialist indicated that the department did not award such credit under the statute governing credit for presentence confinement[2] and, accordingly, that the petitioner would have received the credit only if Weiant had asked for it at the time of sentencing and it was noted on the mittimus. Thereafter, counsel for the respondent argued that the one day of credit was beyond the scope of the petition.

In an oral decision, the habeas court found that the forty-five days of credit "was part and parcel of the pretrial negotiation process, and it appears that [Weiant] traded seeking the forty-five days in order to receive essentially one year off the to serve portion and

---

[2] General Statutes §18-98d (a) (1) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed . . . ."

one year off the special parole . . . ." The court stated: "It is clear that in order to receive a sentence of four years to be followed by four years special parole, as opposed to the five years and five year special parole sentence that the state was seeking, [the petitioner] had to give up any request for that forty-five days jail credit." The court, thereafter, concluded: "[T]he petition will be in large measure dismissed. . . . [H]owever, [the court does] grant that one portion [of the petition] to give the one day of local lockup credit to which [the petitioner] should have been entitled had the request been made at the time of sentencing." The habeas court subsequently granted the petition for certification to appeal to this court.

AC 27227

The petitioner claims that the court improperly dismissed his allegations that he was entitled to presentence credit on the basis of its finding that his trial counsel traded the forty-five days for a lesser sentence. We affirm this portion of the court's judgment.

"To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." (Internal quotation marks omitted.) *Greene* v. *Commissioner of Correction*, 96 Conn. App. 854, 857, 902 A.2d 701, cert. denied, 280 Conn. 916, 908 A.2d 536 (2006). "For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) . . . . To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Hernandez*

v. *Commissioner of Correction*, 82 Conn. App. 701, 706, 846 A.2d 889 (2004).

Although the court did not engage explicitly in the traditional *Strickland* analysis, it is clear from the oral decision that it determined that trial counsel provided effective assistance to the petitioner with regard to the forty-five day credit. Our review of the record supports the conclusion that Weiant's performance was not deficient. Moreover, the petitioner was not prejudiced, as he presented no evidence that he would have proceeded to trial had he known that he would not be given credit for the forty-five days. See *Hill* v. *Lockhart*, supra, 474 U.S. 59. Accordingly, the habeas court properly rejected the claims raised in the amended petition.[3]

### AC 27228

The respondent claims that the habeas court improperly awarded the petitioner credit for the one day he spent in local lockup, given that the one day of credit was not alleged in the petition. We agree and, accordingly, reverse that portion of the judgment.

"The petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action." (Internal quotation marks omitted.) *Toccaline* v. *Commissioner of Correction*, 80 Conn. App. 792, 818, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413, cert. denied sub nom. *Toccaline* v. *Lantz*, 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004). "The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Internal quotation marks omitted.) *Holley* v. *Commissioner of Correction*, 62 Conn. App. 170, 181, 774 A.2d 148 (2001). Therefore,

---

[3] The petitioner also claims on appeal that he is entitled to the forty-five day credit as a matter of law. Even if the petitioner was entitled to such a credit, which issue we do not decide, he traded it for a lesser sentence.

"[w]hile the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised." (Internal quotation marks omitted.) *Cupe* v. *Commissioner of Correction*, 68 Conn. App. 262, 268, 791 A.2d 614, cert. denied, 260 Conn. 908, 795 A.2d 544 (2002). "The purpose of the [petition] is to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise." (Internal quotation marks omitted.) *Jenkins* v. *Commissioner of Correction*, 52 Conn. App. 385, 406, 726 A.2d 657, cert. denied, 249 Conn. 920, 733 A.2d 233 (1999).

We have reviewed the petition. Nowhere did the petitioner allege that his trial counsel was ineffective for failing to request one day of credit from the trial court. Indeed, the petitioner's claims refer repeatedly to his trial counsel's failure to request credit for the *forty-five days* he spent incarcerated *in Alabama*. Accordingly, although the court clearly wanted to rectify what it perceived to be an injustice, it abused its discretion in awarding the petitioner one day of credit. We therefore reverse this portion of the judgment.

The judgment is reversed in part on the respondent's appeal and the case is remanded to recalculate the petitioner's jail credit. The judgment is affirmed in all other respects.