## STATE OF CONNECTICUT *v.* DAVID HILL
## (AC 19996)

Foti, Spear and Healey, Js.

Argued May 4—officially released July 18, 2000

*Joseph Visone*, special public defender, for the appellant (defendant).

*Bruce R. Lockwood*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Rachel Baird*, former assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, David Hill, appeals from the judgment of conviction, rendered after a jury trial, of kidnapping in the first degree in violation of General

Statutes § 53a-92 (a) (2) (A).[1] On appeal,[2] the defendant claims that his conviction should be set aside because (1) the statute is unconstitutionally void for vagueness as applied to the facts of this case and (2) the state failed to produce sufficient evidence to prove that he intended to abduct the victim. We affirm the judgment of the trial court.

On the basis of the evidence adduced at trial, the jury reasonably could have found the following facts. On June 9, 1996, at approximately 3 a.m., the victim was walking alone on Beaver Street in New Britain, when she was approached by the defendant. He asked her if she wanted to have a "friendship" with him. She replied that she did not, at which time he pushed her and directed her from the street down the driveway of the side parking lot of a closed social club to an area under a stairwell. He pushed her to the ground onto her back, stopped her from escaping by holding down her wrists and arms, and raped her.[3] Her further resistance was met by his placing his hand over her mouth; her struggle to free herself was to no avail. She was later observed to have red marks on her arms and throat.

I

The defendant first claims that § 53a-92 (a) (2) (A) is unconstitutionally vague[4] as applied to the facts supporting the conviction of kidnapping in the first degree.

---

[1] General Statutes § 53a-92 (a) provides in relevant part: "A person is guilty of kidnapping in the first degree when he abducts another person and . . . (2) he restrains the person abducted with intent to . . . (A) inflict physical injury upon him or violate or abuse him sexually. . . ."

[2] The defendant was also convicted of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), which is not part of this appeal. Additionally, the defendant pleaded guilty to one count of failure to appear in the first degree in violation of General Statutes § 53a-172. He received a total effective sentence of forty-one years, execution suspended after seventeen years, followed by twenty years of probation.

[3] The defendant does not contest the state's claim that force was used to complete the rape.

[4] The defendant claims his due process rights were violated under both the fourteenth amendment to the United States constitution and article first,

Conceding that his claim is unpreserved, the defendant seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[5] To enable us to review a claim that a statute is vague as applied, the record must reflect that the defendant was convicted under the statute in question and must also reflect the conduct that formed the basis of the conviction. *State* v. *Indrisano*, 228 Conn. 795, 800, 640 A.2d 986 (1994). Because the record is adequate for our review, we advance our analysis to the third prong of *Golding*, namely, whether the defendant was deprived of his constitutional right to a fair trial because § 53a-92 (a) (2) (A) is unconstitutionally vague as applied to his conduct.

The defendant claims that the statute is vague as applied to the facts supporting his conviction because of the element of "restraint" contained therein, which is defined in General Statutes § 53a-91 (1).[6]

§ 8, of the constitution of Connecticut. Because the defendant presents no separate analysis for his state claim, we will not address it. See *State* v. *Cummings*, 46 Conn. App. 661, 667 n.3, 701 A.2d 663, cert. denied, 243 Conn. 940, 702 A.2d 645 (1997).

[5] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

[6] General Statutes § 53a-91 (1) provides: " 'Restrain' means to restrict a person's movements intentionally and unlawfully in such a manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent. As used herein 'without consent' means, but is not limited to, (A) deception and (B) any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and the parent,

"The doctrine [of vagueness] requires statutes to provide fair notice of the conduct to which they pertain and to establish minimum guidelines to govern law enforcement." *State* v. *Indrisano*, supra, 228 Conn. 802. "Our Supreme Court based its analysis in *Indrisano* on the three standards set out by the United States Supreme Court for evaluating vagueness. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. . . . [A] law forbidding or requiring conduct in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process of law. . . .

"Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory applications. . . . Therefore, a legislature [must] establish minimal guidelines to govern law enforcement." (Internal quotation marks omitted.) *State* v. *Cummings*, 46 Conn. App. 661, 667–68, 701 A.2d 663, cert. denied, 243 Conn. 940, 702 A.2d 645 (1997).

The defendant argues that "the evidence of sufficient unlawful restraint beyond what was needed to accomplish a sexual assault is lacking, and [his] conviction for kidnapping produces an 'absurd and unconscionable result.'" We disagree.

Pursuant to § 53a-91 (1), restraint requires either a movement or a confinement, that is, a movement from one place to another, or a confinement either in the

guardian or other person or institution having lawful control or custody of him has not acquiesced in the movement or confinement."

place where the restriction begins or in a place where that person has been moved, without consent. It is clear from the facts, which obviously were found by the jury, that the defendant, without the victim's consent, moved the victim from the street to the place of the rape by pushing and directing her, and that once there he confined her, again without her consent, when she attempted to leave. Either action is sufficient to constitute restraint under the statute. It matters not that the defendant's underlying motive in either moving the victim from the street to the stairwell, or in confining her there, was to accomplish a rape. Such intent does not preclude a conviction for kidnapping. *State* v. *Green*, 55 Conn. App. 706, 715, 740 A.2d 450 (1999), cert. denied, 252 Conn. 920, 744 A.2d 438, cert. denied, 529 U.S. 1136, 120 S. Ct. 2019, 146 L. Ed. 2d 966 (2000). Accordingly, we conclude that the statute is not vague as applied to the defendant's conduct. Thus, no constitutional violation clearly exists.

II

The defendant next claims that the state failed to prove beyond a reasonable doubt that he restrained the victim by moving her from one place to another and also that he intended to kidnap the victim. He argues that the evidence was insufficient to support his conviction for kidnapping in the first degree.

Our appellate courts have developed a two part standard of review of an insufficiency of evidence claim. First, the court must construe the evidence in the light most favorable to sustaining the verdict. *State* v. *Salz*, 226 Conn. 20, 31, 627 A.2d 862 (1993); *State* v. *Scales*, 38 Conn. App. 225, 228, 660 A.2d 860 (1995). Second, the court must determine whether, on the established facts and all reasonable inferences drawn therefrom, the jury could have reasonably concluded that the evidence established the defendant's guilt beyond a rea-

sonable doubt. *State* v. *Rasmussen*, 225 Conn. 55, 73–74, 621 A.2d 728 (1993); *State* v. *Pinnock*, 220 Conn. 765, 770, 601 A.2d 521 (1992).

A person is guilty of first degree kidnapping if he "abducts another person and . . . restrains the person abducted with intent to . . . violate or abuse [her] sexually. . . ." General Statutes § 52a-92 (a) (2) (A). Kidnapping is a continuing crime that commences once a person is wrongfully deprived of freedom and continues as long as the unlawful detention lasts. *State* v. *Gomez*, 225 Conn. 347, 351, 622 A.2d 1014 (1993); *State* v. *Smith*, 198 Conn. 147, 155, 502 A.2d 874 (1985). Persons are "abducted" within the meaning of § 53a-92 when they are restrained with the intent to prevent their liberation either (1) by secreting or holding them in a place where they are not likely to be found or (2) by using or threatening to use physical force or intimidation. General Statutes § 53a-91 (2). Persons are "restrained" when their movements are intentionally restricted so as to substantially interfere with their liberty either (1) by moving them from one place to another or (2) by confining them either to the place where the restriction commences or to the place where they have been moved without their consent. General Statutes § 53a-91 (1).

Applying these principles of law to the facts of this case, we conclude that the jury reasonably could have found that the defendant abducted the victim and forced her to move from the sidewalk to the stairwell, and that he confined the victim in the area under the stairwell against her will, as discussed in part I of this opinion. We find no merit in the defendant's argument that the evidence is insufficient to support his conviction for kidnapping in the first degree.

While the defendant does not contest that the state proved beyond a reasonable doubt that he intended to commit and did commit a rape, he claims that the state

failed to prove that he intended to kidnap the victim. "It is well established that the question of intent is purely a question of fact. . . . The state of mind of one accused of a crime is often the most significant and, at the same time, the most elusive element of the crime charged. . . . Because it is practically impossible to know what someone is thinking or intending at any given moment, absent an outright declaration of intent, a person's state of mind is usually proven by circumstantial evidence. . . . Intent may be and usually is inferred from conduct. . . . [W]hether such an inference should be drawn is properly a question for the jury to decide." (Internal quotation marks omitted.) *State* v. *Watson*, 50 Conn. App. 591, 605, 718 A.2d 497, cert. denied, 247 Conn. 939, 723 A.2d 319 (1998), cert. denied, 526 U.S. 1058, 119 S. Ct. 1373, 143 L. Ed. 2d 532 (1999). "[I]n viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence." (Internal quotation marks omitted.) *State* v. *Sivri*, 231 Conn. 115, 132, 646 A.2d 169 (1994). "On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." Id., 134. The defendant's conduct was more than sufficient to allow the jury reasonably to find that he intended to abduct the victim for the purpose of raping her.

The judgment is affirmed.

In this opinion the other judges concurred.